Louis JASSO, Individually, and d/b/a
Jasso Auto Sales, Appellant,

v.

Juan DURON, Appellee.

No. C14–83–597–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 8, 1984.

Paul R. Lawrence, Houston, for appellant.

Paul F. Ferguson, Jr., Perdue, Turner & Berry, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This is a Deceptive Trade Practices Act case involving the purchase of a used truck by Juan Duron (plaintiff/appellee) from Louis Jasso, individually and d/b/a Jasso Auto Sales (defendant/appellant). Trial was to the court. Judgment was for the plaintiff.

In four points of error appellant contends the trial court erred (1) in awarding damages under the DTPA for mental anguish, humiliation, embarrassment and imprisonment; (2) in finding that the truck was a stolen vehicle at the time of sale to Duron, there being no evidence to support this finding; (3) in awarding Duron four times the amount of actual damages in excess of $1,000, although plaintiff's petition only sought three times said amount; and (4) in awarding Duron any more than the actual damages in excess of $1,000, plaintiff having failed to plead that defendant's conduct was committed knowingly under Section 17.50(b)(1) of the DTPA. We modify the amount of the judgment and, as modified, we affirm.

■ In his first point of error appellant contends the trial court erred in awarding damages for mental anguish, humiliation, embarrassment, and imprisonment. All of these are elements of mental anguish. Damages may be awarded for mental anguish in a DTPA case when there is evidence and a fact finding that the conduct of the defendant was committed knowingly. *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115 (Tex.1984). There was such evidence and fact finding in this case. Appellant's first point of error is overruled.

· In the second point appellant contends the trial court erred in finding the vehicle appellant sold to appellee was stolen at the time of the sale because there was no evidence to support this finding. Appellee filed a request for admissions under TEX. R.CIV.P. 169, including the following:

5. That the vehicle sold to the plaintiff was a stolen vehicle;

7. That the defendant, either individually or by and through his agents, servants or representatives, did not tell the plaintiff that the vehicle was stolen;

8. That, at the time the vehicle was sold to the plaintiff, the defendant knew the vehicle in question was a stolen one.

■ Appellant never answered the Request for Admissions. The trial court properly deemed admitted each of the matters of which an admission was requested. This is some evidence to support the fact finding complained of in the second point of error; therefore, it is overruled.

■ Appellant's third point of error is that the trial court erred in calculating the amount of the judgment in that such calculation was not pled by appellee. Under this point the substance of appellant's contention is that the trial court awarded actual damages in excess of $1,000 plus three times such actual damages, but in his petition appellee only sued for a total of three times such actual damages. In paragraph V of his first amended original petition appellee alleged he was seeking to recover his actual damages, enumerating certain specific items of damages. Then in paragraph VI appellee alleged that under Section 17.50 of the Consumer Protection Act (DTPA) he was entitled as a matter of law

to obtain from defendant three times the amount of his actual damages described in paragraph V. Then in the prayer of said petition appellee prayed that he have judgment "for the full amount of his damages ...." By this pleading appellee did not expressly seek to recover four times the actual damages in excess of $1,000. However, the pleading was sufficient to support a judgment for the full amount of damages recoverable under the DTPA; therefore, we will decide whether Section 17.50(b)(1) authorizes an award of a total amount of four times the actual damages in excess of $1,000. Section 17.50(b)(1) provides as follows:

> (b) In a suit filed under this section, each consumer who prevails may obtain:
>
> (1) the amount of actual damages found by the trier of fact. *In addition* the court shall award two times that portion of the actual damages that does not exceed $1,000. If the trier of fact finds that the conduct of the defendant was committed knowingly, the trier of fact *may award not more than three times* the amount of actual damages in excess of $1,000; ... [Emphasis added]

It seems significant to us that the second sentence of the above statute begins with the words "in addition" but the last sentence does not. If the legislature had intended the last sentence to authorize three times the actual damages in excess of $1,000 in addition to such actual damages, the last sentence would have begun with the words "in addition" just as the second sentence did. Also the use of the words "may award not more than three times" in the last sentence seems to us to completely negate any intention to authorize an award of four times the amount of such excess actual damages under any circumstances.

In our opinion there is no ambiguity or uncertainty about the meaning of the statute. However, assuming there is some ambiguity or uncertainty, we have examined the legislative history of the 1979 amendments to the DTPA.

From the history of the DTPA and the many amendments thereof, we are convinced that the 1979 amendment, adding Subsection (b)(1) and eliminating the automatic trebling of all of the damages, was intended to relieve the harsh effects of automatic trebling of all damages in excess of the first $1,000, and not to increase the harshness of the statute by providing for quadrupling, rather than trebling, of such damages. We have studied records of committee hearings in both the Texas Senate and House of Representatives and floor debate in both houses of the legislature. This legislative history convinces us beyond any doubt that with respect to damages in excess of the first $1,000.00, the legislature did not intend by the above-quoted Section 17.50(b)(1) to provide for quadruple the amount of such damages.

■ We hold that under Section 17.50(b)(1) the maximum amount that can be awarded is three times the actual damages in excess of $1,000.00, not four times such amount. The trial court erred in awarding four times such amount, and appellant's third point of error is sustained. For a good discussion of this matter see the very well written article entitled "Of White Knights and Black Knights: An Analysis of the 1979 Amendments to the Deceptive Trade Practices Act," appearing in 33 Southwestern Law Journal 941, at 982–986.

We recognize that our decision on this point is in conflict with a recent decision of the Corpus Christi Court of Appeals in *Jim Walter Homes, Inc. v. Jose B. Valencia,* 679 S.W.2d 29 (Tex.App. —— Corpus Christi, 1984, writ granted). In that case the Corpus Christi Court of Appeals expressly held that under the 1979 amendment of Section 17.50(b)(1) a total of four times the actual damages in excess of $1,000 may be awarded by the trier of fact if there is a fact finding that the conduct of the defendant was committed knowingly. In its opinion that court made the following statement:

> While this question may appear to be one of first impression, we think it is one that is best resolved in light of the plain

meaning of the statute and the apparent legislative intent in amending § 17.-50(b)(1).

We agree with that statement but respectfully disagree with that court's conclusion concerning the plain meaning of the statute and the apparent legislative intent in amending § 17.50(b)(1). In our opinion the statute plainly means that four times the amount of actual damages in excess of $1,000 may not be awarded, and that the total amount of the award shall not exceed three times such amount. Furthermore, we have studied transcripts and/or tapes of committee hearings, as well as of floor debates, in both the Texas Senate and House of Representatives; and there is not one word in any of this legislative history indicating any legislative intent to provide for quadruple damages. In fact, it is clear to us from this legislative history that such was not the legislative intent.

■ In the fourth point of error appellant contends the trial court erred in trebling the actual damages in excess of $1,000 because appellee did not plead that appellant's conduct was committed knowingly. Appellee's petition did not allege specifically that appellant's conduct was committed knowingly, but it did allege specifically that pursuant to Section 17.50 of the DTPA he was entitled to three times his actual damages. We hold that this pleading, absent a special exception, was sufficient; and we overrule point of error number four.

The trial court found actual damages of $7,330.00. The court rendered judgment for $28,320.00, composed of the following:

| | |
|---|---|
| (1) The first $1,000.00 of actual damages plus two times the first $1,000.00 of actual damages | $ 3,000.00 |
| (2) $6,330.00 of actual damages plus three times such actual damages in excess of the 1st $1,000 | 25,320.00 |
| Total Damages | $28,320.00 |
| (3) Atty's Fees through trial court | 4,500.00 |
| Total Award through trial court | $32,820.00 |

We modify the judgment of the trial court by reducing the amount awarded under item (2) above to $18,990, thus limiting the amount to "not more than three times the amount of actual damages in excess of $1,000.00," as mandated by Section 17.-50(b)(1). The trial court judgment also provided that appellee Duron should recover additional attorney's fees of $3,750 if the case was appealed to the court of appeals and an additional attorney's fee of $2,250 if the case is appealed from the court of appeals to the supreme court. We affirm the trial court's judgment with respect to additional attorney's fees. This results in a judgment in this court in favor of appellee Duron in the total amount of $30,240.00.

The judgment of the trial court is modified as detailed above and, as modified, is affirmed.